UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL GARCIA,

                              Plaintiff,

    vs.                                         9:12-CV-924
                                                 (GTS/ATB)
R. FURNIA, et al.,

                              Defendants.
_____

MICHAEL GARCIA, Plaintiff pro se
ADRIENNE KERWIN, AAG, Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

This matter has been referred for Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c), by the Honorable Glenn T. Suddaby, United States District Judge.

In this civil rights complaint (Dkt. No. 1), plaintiff alleges that while he was an inmate at Clinton Correctional Facility ("Clinton"), defendant Furnia and other unnamed correctional officers "physically assaulted and brutally beat[]" him. (Compl. 3, 7[1]). Plaintiff also alleges that he was denied medical care for the injuries he suffered from the alleged assault. (Compl. 4, 7). Finally, plaintiff's attachments to the complaint suggest that Defendant Furnia "retaliated" against plaintiff by initiating

---

[1] Plaintiff's complaint is comprised of a form-complaint, supplemented by handwritten pages. Because neither the page numbering nor the paragraph numbering is consistent, the court will cite to the pages assigned by the Case Management/Electronic Case File (CM/ECF) system.

disciplinary charges against him on June 9, 2011. (Compl. 10, 11, 16, 17).

Presently before this court is a motion to dismiss plaintiff's complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 13). For the following reasons, this court recommends that the defendants' motion to dismiss be denied in part and granted in part.

I.   **Facts and Contentions**

Plaintiff claims that on June 9, 2011, as he was being escorted from the prison mess hall for alleged misbehavior, defendant Furnia and other unidentified correctional officers beat him. (Compl. 3, *see also* 10). Plaintiff claims that he "sustained multiple abrasions to his body and blotted blood stains to his forehead area," along with abrasions to his right eye. (Compl. 6). Plaintiff asserts that defendant Furnia was "upset" due to other "tickets" at the facility, and that the disciplinary action and misbehavior report on June 9, 2011, were for purposes of "retaliation" against plaintiff. (Compl. 10–11). On June 10 and 13, 2011, plaintiff filed grievances regarding the incident.[2] (Compl. 10-11).

Plaintiff appears to claim that he was denied requested medical assistance immediately after the alleged attack on June 9, 2011. (Compl. 4, 5, 7, *see also* 10–11). Plaintiff also claims that he was denied requested medical attention by other, as yet unidentified, correctional officers for four days after the alleged attack. (*Id.*). On June 13, 2011, plaintiff reported his injuries and was examined by a nurse after disciplinary

---

[2]These grievances have been attached as exhibits to the complaint.

hearing officer Kelly saw plaintiff's injuries. (Compl. 5, 12, 13). The injury report states that plaintiff had "superficial abrasions on legs, above [right] eye, behind left elbow." (Compl. 12). Plaintiff was given over-the-counter Tylenol. (Compl. 12, 13).

## II. <u>Motion to Dismiss</u>

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," do not suffice. *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). Plaintiff's factual allegations must also be sufficient to give the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*, 550 U.S. at 555 (citation omitted).

When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d 69, 71 (2d Cir. 1995). The court must heed its particular obligation to treat pro se pleadings with liberality. *Phillips v. Girdich*, 408 F.3d 124, 128 (2d Cir. 2005); *Tapia-Ortiz v. Doe*, 171 F.3d 150, 152 (2d Cir. 1999) (*per curiam*).

In deciding a motion to dismiss, the court may review documents integral to the complaint upon which the plaintiff relied in drafting his pleadings, as well as any

3

documents attached to the complaint as exhibits and any statements or documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,* 62 F.3d at 72 (the court may take into consideration documents referenced in or attached to the complaint in deciding a motion to dismiss, without converting the proceeding to one for summary judgment).

For the reasons discussed below, this court concludes that plaintiff has stated plausible claims against Defendant Furnia and "John Does" for excessive force and deliberate indifference to plaintiff's serious medical needs, and that defendants' motion to dismiss should be denied as to these claims. Additionally, this court concludes that plaintiff has not stated a plausible claim based on retaliation, and that defendants' motion to dismiss should be granted as to this claim.

### III. <u>Excessive Force</u>

#### A. **Legal Standards**

Inmates enjoy Eighth Amendment protection against the use of excessive force, and may recover damages under 42 U.S.C. § 1983 for a violation of those rights. *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992). The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). To sustain a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements. *Blyden*

*v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999).

In order to satisfy the objective element of the constitutional standard for excessive force, the defendants' conduct must be "'inconsistent with the contemporary standards of decency.'" *Whitely v. Albers*, 475 U.S. 312, 327 (1986) (citation omitted); *Hudson*, 503 U.S. at 9. "[T]he malicious use of force to cause harm constitute[s][an] Eighth Amendment violation per se[,]" regardless of the seriousness of the injuries. *Blyden*, 186 F.3d at 263 (citing *Hudson*, 503 U.S. at 9). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9–10 (citations omitted). "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" *Sims*, 230 F.3d at 22 (citation omitted).

The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness." *Id*. at 21 (citation omitted). The wantonness inquiry "turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Id*. (quoting *Hudson*, 503 U.S. at 7). In determining whether defendants acted in a malicious or wanton manner, the Second Circuit has identified five factors to consider: the extent of the injury and the mental state of the defendant; the need for the application of force; the correlation between that need and the amount

5

of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response." *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003).

## B. Application

Defendants filed a one-paragraph motion to dismiss, claiming that plaintiff's claims were too difficult to decipher and thus insufficiently pled. (*See* Defs.' Mot. to Dismiss 3). This argument must fail. Assuming the truth of plaintiff's factual allegations, he states that he was beaten while he was being transported from the mess hall. Plaintiff claims that the beating took place because defendant Furnia was angry that plaintiff obtained favorable results after being charged with prior disciplinary infractions. Basically, plaintiff asserts that there was no valid reason for the assault, and that he was injured as a result. Thus, plaintiff has sufficiently pled a plausible cause of action based on an alleged use of excessive force by defendant Furnia and other correction officers when they were transferring plaintiff from the mess hall on June 9, 2011. Defendants' motion to dismiss should be denied as to plaintiff's claims based on excessive force.

The court does note that in addition to defendant Furnia, plaintiff has named several "other correctional officers" as defendants in this case. (Compl. 2). Some of these "John Doe" defendants are correctional officers who plaintiff alleges were involved in the June 9, 2011 assault and others who apparently denied him medical care after the incident and for the following few days. This case cannot proceed

against "John Doe" defendants. In the event plaintiff wishes to pursue his claims against the "John Doe" defendants, he must take reasonable steps to ascertain their identity.[3]

In order to determine a defendant's identity, plaintiff may request discovery. Plaintiff must not submit these discovery requests through the court and must initially try to determine the identities of the "John Does" through discovery requests to defense counsel. If this Recommendation is adopted, plaintiff may choose to serve some interrogatories on defendants in an attempt to determine the identities of other officers who might have been present at the time of the incident and officers who were assigned to his housing unit after the incident. When plaintiff determines the identity of the "John Doe" defendants, plaintiff may seek to amend his pleading to add the properly named defendant or defendants pursuant to Fed. R. Civ. P. 15. Plaintiff is further advised that if any unnamed individuals are not timely served, the action will be dismissed against them.

## IV. <u>Denial of Medical Care</u>

### A. **Legal Standards**

In order to state an Eighth Amendment claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently

---

[3]Plaintiff was warned in the filing order of this case that he needed to conduct some discovery to determine the identity of the "John Doe" defendants. (Dkt. No. 9 at 2). Because plaintiff is pro se, the court will treat his failure to do so with some leniency and will give him another opportunity to identify the unknown officers.

harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing inter alia *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

    **B.**    **Application**

Defendants' motion to dismiss again also fails as to plaintiff's claim based on an alleged denial of medical care, although this issue presents a closer question. Plaintiff appears to claim that the officers who assaulted him also denied him medical care immediately after the incident. This would include defendant Furnia and the other unknown officers who plaintiff must identify as noted above. However, plaintiff also claims that yet other officers, none of whom are identified in the complaint, denied plaintiff medical care for the four days until his disciplinary hearing on June 13, 2011.

Plaintiff has stated no facts supporting this claim and does not clearly state when he asked for medical care but was refused. Plaintiff only specifies that "other correctional officials" denied him medical care while he was at "E-1 Company Cell # 21 Administrative Punitive Segregation Keeplock Unit." (Compl. 4). As stated above, this case cannot proceed against "John Doe" defendants. In the event plaintiff

wishes to pursue his claims based on denial of medical care against the "John Doe" defendants, he must take reasonable steps to ascertain their identity.

As explained above, plaintiff must try to determine the identities of the "John Does" through discovery requests to defense counsel, and if he fails to do so, his complaint against them may be dismissed. Thus, the court will not recommend dismissing plaintiff's claim at this time.

## V. <u>Retaliation</u>

### A. Legal Standards

In order to establish a claim of retaliation for the exercise of a constitutional right, plaintiff must show first, that he engaged in constitutionally protected conduct, and second, that the conduct was a substantial motivating factor for "adverse action" taken against him by defendants. *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003). The plaintiff must establish a causal connection between the protected conduct or speech and the adverse action. *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004).

A prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest, as long as the prisoner is provided with procedural due process. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). However, if the defendant initiated disciplinary proceedings against plaintiff in retaliation for his exercise of a constitutionally protected right, substantive due process rights are

9

implicated even if the plaintiff were entitled to, and did receive, full procedural due process. *Franco v. Kelly*, 854 F.2d 584, 588–89 (2d Cir. 1988). Any action taken by a defendant in retaliation for the exercise of a constitutional right, even if not unconstitutional in itself, states a viable constitutional claim. *Id.*

The Second Circuit has defined "adverse action" in the prison context as "retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" *Gill v. Pidlypchak*, 389 F.3d at 381 (citations omitted). This objective test applies even if the plaintiff was not himself subjectively deterred from exercising his rights. *Id.*

The court must keep in mind that claims of retaliation are "easily fabricated" and "pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration." *Bennett*, 343 F.3d at 137 (citation omitted). Accordingly, plaintiff must set forth non-conclusory allegations. *Id.* In the disciplinary hearing context, the type of evidence required to establish a causal connection between plaintiff's protected activity and the defendant's alleged adverse action includes: temporal proximity, prior good discipline, a finding of not guilty at the disciplinary hearing, and statements from the defendants regarding their motives. *Santiago v. Whidden*, No. 3:10-CV-1839, 2012 WL 668996, at *7 (D. Conn. Feb. 9, 2012) (citing *Barclay v. New York*, 477 F. Supp. 2d 546, 558 (N.D.N.Y. 2007)).

Even if plaintiff makes the appropriate showing, defendants may avoid liability if they demonstrate that they would have taken the adverse action even in the absence of the protected conduct. *Id*. (citing, *inter alia*, *Mount Healthy Sch. Dist. v.*

*Doyle*, 429 U.S. 274, 287 (1977)). Once the plaintiff's burden of proving the three-part test is satisfied, "the burden then shifts to the defendant to show that the plaintiff would have received the same punishment even absent the retaliatory motivation." *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir.2002) (citing *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996)). Thus, under this analysis, adverse action taken for both proper and improper reasons may be upheld if the action would have been taken based on the proper reasons alone. *Graham*, 89 F.3d at 79 (citations omitted).

### B. Application

Plaintiff's complaint makes no reference to retaliation. Several grievances attached to the complaint allege that Sergeant Furnia was "very upset due to the results of two other [disciplinary] ticket[s]" that plaintiff had previously received and then states, in conclusory fashion, that the misbehavior report for the June 9, 2011 incident was "clearly for retaliation purpose[s]." (Compl. 10, 11, 16, 17). Plaintiff's pleading sets forth no facts supporting the apparent conclusion that defendant Furnia harbored a retaliatory motive because of plaintiff's success in connection with prior disciplinary proceedings. The complaint does not indicate any connection between Sergeant Furnia and either the prior disciplinary proceedings or the June 9, 2011 misbehavior report. There is no stated temporal or other connection between the prior disciplinary hearings (the dates of which are not even estimated) and the June 2011 misbehavior report. Plaintiff's conclusory claims of retaliation fail to state a plausible claim and should be dismissed.

11

## VI. Eleventh Amendment

The state itself cannot be sued under section 1983. *Komlosi v. New York State OMRDD*, 64 F.3d 810, 815 (2d Cir. 1995) (citing *Will v. Michigan Department of Police*, 491 U.S. 58, 71 (1989)). This is true whether the court is considering Eleventh Amendment immunity or a statutory interpretation of section 1983. *Id.* at 815 n.3. An action against state officers in their official capacities is tantamount to an action against the state. *Yorktown Medical Laboratory, Inc. v. Perales*, 948 F.2d 84, 87 & n.1 (2d Cir. 1991) (citations omitted).

Plaintiff states that he is suing defendants in their individual and official capacities. To the extent that plaintiff is attempting to sue defendants for damages in their official capacities or to the extent that his complaint can be interpreted as raising such official capacity claims, he is barred by the Eleventh Amendment from doing so. All such claims may be dismissed with prejudice.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 13) be **GRANTED** as to plaintiff's claims based on retaliation, and it is further

**RECOMMENDED**, that defendants' motion to dismiss (Dkt. No. 13) be **DENIED** as to plaintiff's claims based on excessive force and deliberate indifference to serious medical needs, and it is further

**ORDERED**, that if the court adopts this recommendation, plaintiff shall engage in discovery and take reasonable steps to ascertain the identity of the "John Doe" defendants named in the complaint and to seek to amend the complaint to name

them as defendants.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 21, 2013

Hon. Andrew T. Baxter
U.S. Magistrate Judge