UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL GARCIA,

                        Plaintiff,

                                                        9:12-CV-0924
v.                                                      (GTS/ATB)

R. FURNIA, Sgt., Clinton Correctional Facility;
and DOES, Correctional Officials, Clinton
Correctional Facility,

                        Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

MICHAEL GARCIA, 04-A-1214
  Plaintiff, *Pro Se*
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541

HON. ERIC T. SCHNEIDERMAN                              ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York            Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

        Currently before the Court, in this *pro se* prisoner civil rights action filed by Michael

Garcia ("Plaintiff") against the above-captioned correctional officials ("Defendants"), are the

following: (1) Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim

upon which relief can be granted (Dkt. No. 13); (2) United States Magistrate Judge Andrew T.

Baxter's Report-Recommendation recommending that Defendants' motion be granted in part and

denied in part (Dkt. No. 17); and (3) Plaintiff's Objections to the Report-Recommendation (Dkt.

No. 18).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion is granted in part and denied in part; Plaintiff's First Amendment claim of retaliation is dismissed; his official-capacity claims are dismissed; however, his Eighth Amendment claims for excessive force and deliberate indifference to serious medical needs are not dismissed.

## I.    RELEVANT BACKGROUND

Plaintiff filed his Complaint on June 7, 2012.  (Dkt. No. 1.)  Generally, in his Complaint, Plaintiff alleges that Defendants violated his constitutional rights in the following manner, on or about June 9, 2011: (1) Defendants Furnia and "Does" physically assaulted him in violation of the Eighth Amendment; (2) Defendant Does denied him medical treatment for his injuries in violation of the Eighth Amendment; and (3) Defendant Furnia retaliated against Plaintiff for succeeding on two prior misbehavior reports in violation of the First Amendment.  (*Id.* )

On December 7, 2012, Defendants filed their motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).  (Dkt. No. 13.)  Generally, in their motion, Defendants argue that (1) while Plaintiff's Complaint is difficult to understand, it appears to attempt to assert a claim of excessive force and delayed medical care, and (2) Plaintiff's vague and deficient allegations have precluded Defendants from being able to defend themselves.  (*Id.*)  For a more detailed recitation of Defendants' argument, the Court refers the reader to the motion to dismiss in its entirety.  (*Id.*)

On March 21, 2013, Magistrate Judge Baxter issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part.  (Dkt. No. 17.)  Generally, in his Report-Recommendation, Magistrate Judge Baxter found as follows: (1)

Plaintiff has alleged facts plausibly suggesting Eighth Amendment claims for excessive force

and deliberate indifference to serious medical needs; (2) however, to the extent that Plaintiff is

attempting to sue Defendants for damages in their official capacities, he is barred by the

Eleventh Amendment from doing so; (3) moreover, Plaintiff had not alleged facts plausibly

suggesting a First Amendment claim of retaliation (because of the failure to allege that Plaintiff

engaged in protected activity by succeeding in one or more disciplinary proceedings, or that

Defendant Furnia subsequently took adverse action against Plaintiff because of that protected

activity). (*Id*. at Parts III, IV and V.) Familiarity with the grounds of Magistrate Judge Baxter's

Report-Recommendation is assumed in this Decision and Order, which is intended primarily for

review by the parties.

On April 1, 2013, Plaintiff filed a one-page letter referencing a "written objection on the

motion to dismiss . . . claims base[d] on retaliation." (Dkt. No. 18, at 1.) That letter attached

two exhibits: (1) an inmate misbehavior reported dated January 11, 2011, reported by C.O. W.

Kiroy and filed by C.O. J. Rushford, together with a disciplinary hearing disposition dated

January 20, 2011, reviewed by Lt. Snow, and filed by "Lt. Willis" [sp.], finding Plaintiff not

guilty of the charges; and (2) a disciplinary hearing disposition dated April 25, 2011, filed by Lt.

Kelley, finding Plaintiff not guilty of two charges but finding him guilty of a third charge. (*Id*. at

2-9.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-

recommendation, the Court subjects that portion of the report-recommendation to a *de novo*

review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection

must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

---

[1]    *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]    *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made

by the objecting party in its original papers submitted to the magistrate judge, the Court subjects

that portion of the report-recommendation challenged by those arguments to only a *clear error*

review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."  *Id.*[5]

    After conducing the appropriate review, the Court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. §

636(b)(1)(C).

### B.    Standard Governing a Motion to Dismiss

    Magistrate Judge Baxter correctly recited the legal standard governing a motion to

---

[3]    *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4]    *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5]    *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

dismiss.  (Dkt. No. 17, at Part II.)   As a result, this standard is incorporated herein by reference in this Decision and Order.

The Court would add only that, even though Defendants may not have expressly moved to dismiss various of Plaintiff's claims for failure to state a claim, the Court possesses the authority to *sua sponte* review the pleading sufficiency of those claims, under the circumstances. This is because 28 U.S.C. § 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that–. . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Similarly, Section 1915A(b) directs that a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both Sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

## III.   ANALYSIS

Because Plaintiff's brief and vague Objection does not level a specific challenge to Magistrate Judge Baxter's Report-Recommendation, the Court has trouble reviewing that Report-Recommendation for anything more than clear error.  *See, supra,* Part II.A of this Decision and Order.  After carefully reviewing the relevant filings in this action, the Court can find no such error in the Report-Recommendation.  Magistrate Judge Baxter employed the

proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.

The Court would add only two brief points.  First, even if the Court were to subject Magistrate Judge Baxter's Report-Recommendation to a de novo review, the Court would find that the Report-Recommendation survives that review.[6]  While Plaintiff prevailed on the first disciplinary proceeding in its entirety, he only partially prevailed on the second disciplinary proceeding.  (*Id*. at 2-9.)  In any event, the first disciplinary proceeding preceded the alleged adverse action by some five months, while the second disciplinary proceeding preceded that adverse action by some 45 days.  (*Id*.)[7]  More important, Defendant Furnia is nowhere mentioned in connection with either of those two disciplinary proceedings.  (*Id*.)  The allegation that Defendant Furnia even *knew* of those disciplinary proceedings–much less orchestrated the resulting adverse action against Plaintiff by other correctional officials–is pure speculation.

Second, generally, when a district court dismisses a *pro se* civil rights claim, the plaintiff will be allowed–before dismissal–to amend that claim.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir.1999).  However, an opportunity to amend is not required where the

---

[6]     Ordinarily, the Court will not consider evidentiary material presented to the Court for the first time during the Objection to a Report-Recommendation.  *See, supra,* Part II.A. of this Decision and Order.  However, here, the Court is mindful of the special solicitude ordinarily afforded to *pro se* civil rights litigants, which permits Courts to consider their claims as effectively amended by the allegations submitted by them in opposition to a motion to dismiss for failure to state a claim (to the extent those allegations are consistent with the allegations contained in the complaint).  *Planck v. Schenectady Cnty.*, 12-CV-0336, 2012 WL 1977972, at *5, n.12 (N.D.N.Y. June 1, 2012) (Suddaby, J.) (collecting cases).  As a result, the Court will consider the exhibits presented by Plaintiff during his Objection.

[7]     *See Hollander v. Am.  Cyanamid Co.*, 895 F.2d 80, 85-86 (2d Cir.1990) (finding a lack of evidence that an adverse action, taken three months after the plaintiff's EEOC complaint, was in response to the plaintiff's protected activity); *Sloane v. Mazzuca*, 04-CV-8266, 2006 WL 3096031, at *14 (S.D.N.Y. Oct.31, 2006) (explaining that temporal proximity is insufficient by itself to prove causation).

defects in the *pro se* plaintiff's claim are substantive rather than merely formal, such that any amendment would be futile. *Hunt v. Cmty. Gen. Hosp.*, 11-CV-0415, 2012 WL 3151542, at *5 (N.D.N.Y. Aug. 2, 2012) (Suddaby, J.) (collecting cases). Here, even when it views Plaintiff's retaliation claim with the utmost of special liberality, the Court finds that the defects in that claim are substantive rather than merely formal. Plaintiff has already had the opportunity to correct the identified-defects in his retaliation claim through the submission of disciplinary records; however, that opportunity has proven to be insufficient. Permitting Plaintiff yet another opportunity to correct the defects in that claim would not appear to be productive. *See, e.g., Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 17) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim (Dkt. No. 13) is **GRANTED** with respect to Plaintiff's First Amendment claim of retaliation, which is **DISMISSED**; and it is further

**ORDERED** that also **DISMISSED** are any claims asserted in Plaintiff's Complaint asserted against Defendants in their official capacities; and it is further

**ORDERED** that Defendants' motion to dismiss Plaintiff's Complaint for failure to state a claim (Dkt. No. 13) is **DENIED** with respect to Plaintiff's Eighth Amendment claims for excessive force and deliberate indifference to serious medical needs.

Plaintiff is respectfully reminded of Magistrate Judge Baxter's Order to take reasonable steps to ascertain the identity of the "Doe" Defendants named in the Complaint and to seek to amend the Complaint to name them as Defendants in a timely fashion. (Dkt. No. 17, at 12-13.) Should Plaintiff fail to do so, his claims against those "Doe" Defendants will be dismissed.

Dated:   June 26, 2013
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge