# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL GARCIA,

                                                 Plaintiff,

    vs.                                                         9:12-CV-0924 (GTS/ATB)

R. FURNIA, *et al.*,

                                                Defendants.
_____

MICHAEL GARCIA, Plaintiff, *pro se*
ADRIENNE J. KERWIN, Asst. Attorney General for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. Local Rule 72.3(c). Presently before the court is defendant Furnia's partial motion for summary judgment pursuant to Fed. R. Civ. P. 56. (Dkt. No. 30). Plaintiff has not responded to this motion.[1] For the following reasons, this court will recommend that defendant's partial motion for summary judgment be granted, and that plaintiff's claim, that he was denied adequate medical care by defendant Furnia and any other unidentified John Doe defendants, be dismissed.

---

[1] Because plaintiff has failed to respond, the court may deem plaintiff to have admitted the factual statements in defendant's Rule 7.1 Statement, may deem defendant's factual statements as true, and may deem that plaintiff has conceded the defendant's arguments. Plaintiff was warned of these consequences, both by defense counsel and by this court. (Dkt. No. 30-1, Dkt. No. 32 at 2). However, the court notes that it has reviewed and accepted the allegations in plaintiff's complaint in deciding whether genuine issues of material fact exist that would prevent granting defendant's partial motion for summary judgment.

Plaintiff has also moved for appointment of counsel, apparently in anticipation of trial on the surviving claim(s). (Dkt. No. 34). The court will deny that motion, subject to reconsideration after Judge Suddaby has rendered a decision with respect to the recommendations herein.

I.  **Facts**[2]

Plaintiff brings this pro se civil rights complaint under § 1983 based on events arising out of his confinement at Clinton Correctional Facility ("Clinton"). Plaintiff alleges that defendant Furnia and other unnamed correctional officers "physically assaulted and brutally beat[]" him on June 9, 2011. Following the alleged assault, plaintiff was placed in the shower area, defendant Furnia left, and plaintiff was later escorted to his cell by other officers. (Dkt. No. 30-2, Ex. A ("Pl. Dep.") at 64-66, 70-74). He appears to assert that he was denied requested medical assistance immediately after the alleged attack on June 9, 2011, by defendant Furnia and the other officers involved in the incident, and that he was subsequently denied requested medical attention by other, unidentified correctional officers for four days after the alleged attack. (Compl. 4, 5, 7, 10-11; Pl. Dep. 67-70).

Plaintiff claims that as a result of the assault, he "sustained multiple abrasions to his body and blotted blood stains to his forehead area," along with abrasions to his right eye. (Compl. at 6). In his deposition, he described his injuries as including

---

[2]  The court described the factual and procedural background in detail in its March 21, 2013 Order and Report and Recommendation. (Dkt. No. 17). The court will, therefore, assume the parties' familiarity with the background and will only summarize it here as necessary to address the pending motion.

2

"body soreness, a black eye, blurriness in one eye, a loose tooth, and scrapes and minor contusions from the officers' watches." (Pl. Dep. at 66, 76, 77-78, 80). The morning after the alleged assault, plaintiff complained to a nurse about body soreness and blurriness in one eye. (Pl. Dep. at 66). The nurse provided plaintiff with ibuprofen and cream to clean his cuts later that day. (Pl. Dep. at 67-68, 79). On June 13, 2011, plaintiff was examined by a nurse after disciplinary hearing officer Kelly saw his injuries. (Compl. 5, 12, 13). Between June 9th and June 13th, plaintiff claims that he requested medical attention, but was denied. (Pl. Dep. at 68-70). According to plaintiff, the medication provided by the nurse helped, but his eye was still blurry and his tooth was loose. (Pl. Dep. at 75).

At the time he was seen by the nurse on June 13th, plaintiff complained of pain in his back, chest and face, a headache, eye blurriness,[3] a "wobbly" knee and a sore throat. (Pl. Dep. at 83-86). The inmate injury report from this examination notes superficial scratches, bruises and abrasions. (Dkt. No. 31 at 2). The photographs taken during the examination confirm these minor scrapes and bruises. (Dkt. No. 31 at 3-12). After this visit, plaintiff claims that he again requested medical attention but was denied. (Pl. Dep. at 87, 96-97). Plaintiff asserts that the body pain lasted for about three and one-half to four weeks, and that he still has blurry vision and headaches. (Pl. Dep. 98-99).

Plaintiff brings this action against Sergeant Furnia and unidentified John Doe

---

[3] Plaintiff explained in his deposition that his eyeglasses were knocked off by defendant Furnia during the alleged assault and that his current medical provider has prescribed and ordered the plaintiff eyeglasses to correct his eye blurriness. (Pl. Dep. at 50, 99-100).

3

defendants, alleging that he was subjected to excessive force and denied adequate medical care for his injuries. Defendant Furnia has moved for partial summary judgment, requesting that plaintiff's medical care claim be dismissed.

## II. **Summary Judgment**

Summary judgment is appropriate where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Salahuddin v. Goord*, 467 F.3d 263, 272–73 (2d Cir. 2006). "Only disputes over ["material"] facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. *Gallo v. Prudential Residential Servs.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies its burden, the nonmoving party must move forward with specific facts showing that there is a genuine issue for trial. *Salahuddin v. Goord*, 467 F.3d at 273. In that context, the nonmoving party must do more than "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). However, in determining whether there is a genuine issue of material fact, a court must resolve all ambiguities,

4

and draw all inferences, against the movant. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Salahuddin v. Goord*, 467 F.3d at 272.

**III. <u>Denial of Medical Care</u>**

    **A. Applicable Law**

In order to state a claim based on constitutionally inadequate medical treatment, the plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There are two elements to the deliberate indifference standard. *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003). The first element is objective and measures the severity of the deprivation, while the second element is subjective and ensures that the defendant acted with a sufficiently culpable state of mind. *Id.* at 184 (citing, *inter alia*, *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

The objective prong of the standard is satisfied "when (a) the prisoner was 'actually deprived of adequate medical care,' meaning prison officials acted unreasonably in response to an inmate health risk under the circumstances, and (b) 'the inadequacy in medical care is sufficiently serious.'" *Bellotto v. County of Orange*, 248 F. App'x 232, 236 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006)). If the "unreasonable care" consists of a failure to provide any treatment, then the court examines whether the inmate's condition itself is "sufficiently serious." *Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003). When a prisoner alleges "a temporary delay or interruption in the provision of otherwise adequate medical treatment," the court must focus on the seriousness of the particular risk of

5

harm that resulted from the challenged delay or interruption, rather than the prisoner's underlying medical condition alone." *Id.* at 185.  The standard for determining when a deprivation or delay in a prisoner's medical need is sufficiently serious contemplates a condition of urgency that may result in degeneration of the patient's condition or extreme pain.  *Bellotto*, 248 F. App'x at 236 (citing, *inter alia*, *Chance v. Armstrong* 143 F.3d at 702).

The subjective prong of the deliberate indifference test is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).  A plaintiff is not required to show that a defendant acted or failed to act "for the very purpose of causing harm or with knowledge that harm will result," but must show that the official was aware of facts from which one could infer that "a substantial risk of serious harm" exists, and that the official drew that inference.  *Id.* at 835, 837.  The defendant must be subjectively aware that his or her conduct creates the risk; however, the defendant may introduce proof that he or she knew the underlying facts, but believed that the risk to which the facts gave rise was "insubstantial or non-existent."  *Farmer v. Brennan*, 511 U.S. at 844.  Thus, the court stated in *Salahuddin* that the defendant's belief that his conduct posed no risk of serious harm "need not be sound so long as it is sincere," and "even if objectively unreasonable, a defendant's mental state may be nonculpable."  *Salahuddin* v. *Goord,* 467 F.3d at 281.

**B.     Application**

6

Plaintiff claims that the officers, including defendant Furnia, who assaulted him denied him medical care immediately after the incident. Plaintiff also appears to assert that other unnamed individuals denied him medical care in the days following the alleged assault. As noted above, the only named defendant is Sergeant Furnia. Despite being given multiple warnings (*See* Dkt. No. 9, at 2; Dkt. No. 17 at 7 n.3, 8-9), plaintiff has not identified any of the John Doe defendants, and discovery is now closed.[4] However, the court finds that plaintiff cannot prove that he had a serious medical need, and the medical care claim would be dismissed against any defendant.

As described above, plaintiff testified that he suffered the following injuries: (1) body soreness; (2) a black eye; (3) scrapes and minor contusions; (4) a headache; (5) a loose tooth; (6) a "wobbly" knee; and (7) blurriness in one eye. These types of minor, temporary injuries have been held not to constitute serious medical needs as a matter of law.

For example, in *Bradley v. Rell*, 703 F. Supp. 2d 109 (N.D.N.Y. 2010), the court held that plaintiff's allegations that he suffered a headache and blurry vision, swelling and bruising around his head, and an abrasion to his right lower leg, extreme headaches, and psychological problems, were insufficient for a rational fact finder to conclude that his injuries were sufficiently serious to constitute a serious medical need. *Id.* at 121-22 (collecting cases); *see also Lewis v. Havernack*, No. 12-CV-31 (GLS/DEP), 2013 WL 1294606, at *9 (N.D.N.Y. Jan 23, 2013) (Rep't- Rec.) (holding

---

[4] It is also unclear whether the John Doe defendants are associated with plaintiff's excessive force claim, medical care claim, or both.

7

that injuries to plaintiff's upper cheeks and lower eyelid resulting from being punched just once are "minor injuries, which are not sufficiently serious to state a deliberate indifference claim under the Eighth Amendment) (collecting cases), *adopted*, 2013 WL 1294592 (N.D.N.Y. Mar. 28, 2013); *Sledge v. Fein*, 11 Civ. 7450, 2012 WL 4761582, at *5 (S.D.N.Y. Aug. 2, 2012) (noting that courts have "held that terrible and extreme headaches and swelling do not satisfy the objective component of an Eighth Amendment claim"); *Latouche v. Tompkins*, No. 09-CV-308 (NAM/RFT), 2011 WL 1103022, at *14 (N.D.N.Y. Mar. 4, 2011) (Rep't-Rec.) (finding that a 4-5 centimeter bruise, a 2-3 centimeter cut, and a scratch on plaintiff's face and pain from a bump on the right and left sides of his face are not objectively sufficiently serious to support a claim of medical indifference), *adopted*, 2011 WL 1103045 (N.D.N.Y. Mar. 23, 2011); *Dallio v. Hebert*, 678 F. Supp. 2d 35, 44-45 (N.D.N.Y. 2009) (holding that two black eyes, bruising in kidney area, kick marks and open lacerations on knees, bruising and red spots on thigh, lacerations on arms and wrists, a headache, and numbness in hands and fingers are not "conditions of urgency that may produce death, degeneration, or extreme pain") (collecting cases); *Jones v. Furman*, No. 02-CV-939F, 2007 WL 894218, at *10 (W.D.N.Y. Mar. 21, 2007) (explaining that soreness, pain in and a lump behind ear, lump on back of head, abrasions on nose and knuckle, and bruising to back, ribs and legs do not constitute a serious medical condition); *Hickey v. City of New York*, 01-CV-6506, 2004 WL 2724079, at *16 (S.D.N.Y. Nov. 29, 2004) (holding that cuts and bruises do not constitute sufficiently serious medical needs); *Rodriguez v. Mercado*, 00-CV-8588, 2002 WL1997885, at *8 (S.D.N.Y. Aug. 28, 2002) (finding

that bruises to plaintiff's head, back and wrists, accompanied by back pain and migraines but no loss of consciousness did not constitute a medical condition that was sufficiently serious for purposes of the Eighth Amendment).

Plaintiff was treated with pain medication and cream to apply to his cuts the day after the alleged assault, and was examined by a nurse three days after the incident. No reasonable fact finder could conclude, given the undisputed medical evidence in this case, that the brief delay in plaintiff's treatment significantly increased the risk of serious adverse health consequences to him, as required to support a constitutional medical care claim. *See, e.g.*, *Brooks v. Rock*, No. 9:11-CV-1171 (GLS/ATB), 2014 WL 1292232, at *16 (N.D.N.Y. Mar. 28, 2014) (no reasonable fact finder could find that plaintiff established the objective element of a deliberate indifference claim as to a defendant who did not allow plaintiff to obtain immediate medical treatment after she allegedly kicked open a bathroom door that struck the inmate in the head; the two-day delay before plaintiff saw the medical staff about his very subjective and relatively minor medical complaints did not involve a significant risk of degeneration of his medical condition or require him to endure extreme pain); *Vansertima v. Department of Corrections*, 10 CV 3214, 2012 WL 4503412, at *2, 6 (E.D.N.Y. Sept. 28, 2012) (plaintiff allegedly suffered a nose bleed and an injury to his head "causing sever[e] pain" as a result of hitting his face on the seat in front of him when the prison bus in which he was riding stopped suddenly; given that plaintiff was seen by the medical staff within one or two days after the incident and his subsequent complaints involved relatively infrequent nose bleeds and intermittent headaches, plaintiff cannot show any

"adverse medical effects or demonstrable physical injury" resulting from the delay in treatment).

The court finds that plaintiff cannot demonstrate that he suffered from "a medical condition that significantly affect[ed his] daily activities;" or that he suffered from "chronic and substantial pain." *Chance*, 143 F.3d at 702 (citation omitted). Plaintiff's injuries were simply not conditions "of urgency, [] that may produce death, degeneration or extreme pain," and were not serious medical needs. *Hathaway*, 99 F.3d at 553. Given the medical treatment made available to plaintiff in the days following the alleged assault, the defendant's failure to take plaintiff for immediate medical attention did not expose plaintiff to a serious risk of harm. *Smith v. Carpenter*, 316 F.3d at 185.

Because plaintiff could not satisfy the objective element of the deliberate indifference standard, the court need not address whether defendant knew that plaintiff faced "a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." However, given the lack of a serious injury, and the treatment that plaintiff did receive, it is unlikely that defendant Furnia[5] (or any of the unnamed Doe defendants) could possibly have acted with subjective recklessness.

Plaintiff's injuries do not rise to the level of a serious medical need and the brief delay in his treatment involved no risk of serious harm to him. The court will, therefore, recommend granting defendant's partial motion for summary judgment with

---

[5] Plaintiff admits that defendant Furnia directed that plaintiff be placed in the shower area to receive medical attention before returning to his cell. (Pl. Dep. at 64-65, 70-74).

10

respect to plaintiff's medical care claim.

## IV. APPOINTMENT OF COUNSEL

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. The threshold consideration in ruling on such an application is a showing of some likelihood that the action has merit. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989). Depending on the merits of the matter, the court should then consider: The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

In his motion, plaintiff expresses concern that a trial will likely involve conflicting testimony and counsel would be able to assist in the presentation of evidence and cross examining witnesses. After District Judge Suddaby has ruled on this report-recommendation, the court will reconsider plaintiff's request for counsel

11

prior to the trial in this matter. Pending Judge Suddaby's decision, plaintiff's motion for appointment of counsel is denied without prejudice. The only matter requiring plaintiff's attention prior to a trial is preparing and filing any objections to this Report-Recommendation. The issues in this case are relatively simple, and the plaintiff has demonstrated his ability to represent his interests in connection with the pretrial proceedings by, for example, filing objections to the prior Report-Recommendation of this court recommending dismissal of some, but not all of plaintiff's original claims (Dkt. No. 18). Thus, the court is confident that plaintiff can adequately address any objections he has to this Report-Recommendation without the benefit of counsel.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's partial motion for summary judgment (Dkt. No. 30) be **GRANTED** and that plaintiff's claim that he was denied adequate medical care by defendant Furnia and other unidentified John Doe defendants be **DISMISSED**; and it is further

**ORDERED**, that plaintiff's motion to appoint counsel is denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: August 1, 2014

Hon. Andrew T. Baxter
U.S. Magistrate Judge